■ In the Matter of the Claim of NICHOLAS GROSS, Respondent, against DUNN & MCCARTHY, INC. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's

Compensation Board. Claimant was employed as an "edge trimmer" working on shoes in the shoemaking plant of the employer. He testified that on January 24, 1951 while engaged in lifting bags of shoe leather weighing 275 to 300 pounds he "felt a snap in my back". This lifting was not claimant's "usual" work. He said "I was called off my own job to go down and help". There is proof by a fellow employee that claimant had told him he had hurt his back while working; and claimant testified he told his foreman about the accident the day after it happened. The foreman testified that what the claimant told him was that he did not feel well enough to unload freight. Claimant said he felt that pains in his back and legs were due to a cold. He lost no time from work and left the employment in March and went to work for another employer to get more money. He did not see his family doctor until May and he underwent an operation August 4th when a herniated intervertebral disc was removed. Claimant was disabled from July 28th to November 26th of that year. There is medical proof associating the ruptured disc with the occurrence in January. We are unable to adopt appellants' argument that the proof of accident must be disbelieved as a matter of law or that the medical association of accident to ruptured disc is so incredible that we have the power to require its rejection. There may well be some inconsistencies in one of the physicians' reports upon which appellants rely to discredit him; but the resolution of these matters is for the board which had the legal power to accept as credible the physician's opinion. The board found that the employer had contemporaneous knowledge of the accident through the information given the foreman. From this it was entitled to find that the employer has not been prejudiced by failure to give written notice of the accident. That one member of the board dissented does not alter the nature of the problem on review. We must take the facts as they are found if there is substantial evidence to support the finding. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, J. P., Coon, Halpern, Zeller and Gibson, JJ.